**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**MICHAEL LAMAR THOMAS, #47643-019**                                           **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 5:10-cv-44-DCB-MTP**

**UNKNOWN PITTMAN, et al.**                                                  **DEFENDANTS**

**MEMORANDUM OPINION**

On March 26, 2010, the Plaintiff, an inmate of the Bureau of Prisons, filed a *pro se* Complaint regarding the conditions of his confinement, along with a request to proceed *in forma pauperis*. On August 16, 2010, an Order [14] was entered directing the Plaintiff to file a written response to provide specific information regarding his claims. The Plaintiff was directed to file his response on or before August 31, 2010. The Plaintiff was warned in this Order [14] that his failure to timely comply with the requirements of the Order or failure to keep this Court informed of his current address would result in the dismissal of this case without further notice. On August 25, 2010, the postal service returned the envelope [15] containing the Court's August 16, 2010 Order [14] with the notation "return to sender- attempted not known - unable to forward." Petitioner did not contact this Court and needless to say he did not comply with the Court's August 16, 2010 Order.

On September 16, 2010, the Court entered an Order [16] directing the Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's Order of August 16, 2010. In addition, Plaintiff was directed to file his response on or before October 1, 2010. The Plaintiff was warned in the Show Cause Order [16] that failure to keep

this Court informed of his current address or failure to comply with the requirements of the Order by October 1, 2010, would result in the dismissal of this case, without further notice. On September 30, 2010, the postal service returned the envelope [17] containing the Show Cause Order [16] with the notation "return to sender- attempted not known- unable to forward."

Petitioner has: (1) failed to keep the Court informed of his current address; (2) failed to comply with two Court orders;  and (3) he has not contacted this Court since July 1, 2010. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. *See Rice v. Doe*, 306 Fed. App'x 144 (5th Cir. 2009). Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice.

*See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the   28th   day of   October  , 2010.

          s/ David Bramlette
          UNITED STATES DISTRICT JUDGE